James Cockrell *v.* A. B. Hainline's Adm'x.

**Evidence—Res Gestæ.**

    A statement of a party as to why he is borrowing money from a witness to the effect that he desires it to pay a note is not admissible in a suit on such note when made in the absence of the plaintiff. Such a statement is not a part of the res gestæ for it was not made at the time the money was claimed to have been paid and the payment was the transaction.

15

APPEAL FROM MONTGOMERY CIRCUIT COURT.

November 15, 1874.

OPINION BY JUDGE PETERS:

On the trial of this cause in the court below, the appellee introduced W. A. Thomas as a witness, who proved that before the death of Hainline, the witness was in Mt. Sterling with him, and he came to witness with a $5 bill in his hand, and witness loaned him $70, Hainline then telling him he wanted to pay Cockrell $75. It was proved that Cockrell was not present when the money was loaned; appellant objected to the statements made by Hainline to the witness in his absence; but the court below overruled his objection, admitted the evidence, and he excepted.

It is insisted on the part of appellee that these declarations of Hainline are admissible as forming a part of the *res gestæ*. To make them such they must have been contemporaneous with the main fact under consideration, and so connected with it as to illustrate its character. The declarations must have been made at the time of the act done, and so harmonize with it as to constitute but one transaction. 1 Greenleaf on Evidence, Sec. 108. The declarations, as proved by Thomas, were not made at the time the money was paid; the payment was the transaction. After the declaration Hainline and the witness separated; they went into different houses. The declarations or announcement to the witness of the purpose for which he wanted the money was a mere abstract statement, disconnected with the main transaction, which may or may not have transpired at all, and unless the act is done there can be no *res gestæ*. The court below therefore erred in admitting the evidence.

Mrs. Hainline, the widow of the obligor in the note, was examined as a witness for appellee, and appellant objected to her as being incompetent. Sec. 24, Chap. 37, General Statutes, does not disqualify her from testifying in this case. We think she and the son of decedent are both competent witnesses. As to her statement about the open letter received from appellant, she said it was a note or a verbal message, and did not say which; but the evidence was not objected to, and the question of its competency is not before us.

No objections are perceived to the instructions. But for the error pointed out, we feel constrained to *reverse* the judgment and re-

mand the cause for a new trial, and for further proceedings consistent herewith.

*W. H. Holt, for appellant.*
*Apperson & Reid, for appellee.*